No. 470
PLAIN DEALER PUB. CO. v. THOMPSON
Ohio Appeals, 7th Dist., Mahoning Co.
Decided March 25, 1925

225. CHARGE TO JURY—Leaving construction of a written contract in jury's hands as evidenced by charge, is prejudicial error.

BY THE COURT.

The action originated in the Mahoning Common Pleas, and was brought by the Plain Dealer Publishing Co. against Joseph Thompson. The theory upon which the case was tried was for breach of contract. Thompson and others owned a news agency in Youngs-

town. Thompson went overseas during the war and during his absence the Publishing Co. together with other companies took charge of the agency by virtue of a written contract. At the time the business was taken over it was claimed there was a balance due of $3078.86. Thompson based his claim on his having an interest in the business, and that he was recognized by the Publishing Co. as having such an interest. At all events the case was heard upon the answer and cross-petition filed by Thompson and the jury returned a verdict for $5000 in favor of Thompson upon which judgment was duly rendered.

Error was prosecuted and it was contended that the court erred in refusing to give certain requests before argument and to the general charge to the jury; and that the verdict was against the weight of the evidence. The Court of Appeals held:

1. There was prejudicial error in the charge relating to the contract in writing in that the trial court left the construction of the contract to the jury.

2. By concession of counsel; there was considerable confusion as to the issues as well as to the trial thereof and the jury did not get a close conception of the issues to be determined which resulted in prejudicial error in the record.

3. It was evident that the Publishing Company was aware of the fact that Thompson had an interest in the agency, yet this did not prevent the company from acting in accordance with the terms of the written contract. No witness was found to say that the company went beyond its rights as fixed by the contract under which it assumed to act. Judgment is reversed.

Attorneys—White, Cannon & Spieth, Cleveland, McKain & Ohl, Youngstown, for Publishing Co.; Wilson, Hahn, Henderson & Wilson, Youngstown, for Thompson.